IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WILLIAM TERRILL, | § |
| Plaintiff, | § |
| VS. | § CASE NO. 4:12CV482 |
| ALLSTATE TEXAS LLOYD'S, | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Remand (Dkt. 6). As set forth below, the Court finds that the motion should be DENIED.

Defendant removed this case based on diversity of the parties under 28 U.S.C. § 1332. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendant's burden here to show that his Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Plaintiff argues in his motion to remand that Defendant has not shown that the amount in controversy exceeds $75,000. The Court disagrees and finds that the case was properly removed to this Court.

### FACTUAL BACKGROUND

Plaintiff seeks remand, arguing the amount in controversy requirement for removal has not been satisfied. Plaintiff's state court petition does not state a specific amount in controversy, nor

1

does it affirmatively state that damages are within the jurisdictional limits. *See* Dkt. 4. Specifically, the original complaint asserts, among other statements of damages, that Plaintiff is entitled to (1) "regain the benefit of the bargain, which is the amount of its claim, together with attorney's fees" and to recover (2) "any other remedies provided by any other law or common law" Dkt. 4 at ¶¶11, 10.

In its Notice of Removal, Defendant points to the statement in Plaintiff's complaint that "Allstate failed to pay all amounts due and owing under the Policy." Dkt. 1 at ¶8. Significantly, Defendant asserts the policy limits are of "at least $207,000." Dkt. 1 at ¶6. In further support of removal, Defendant points to the fact that Plaintiff refused to sign a stipulation guaranteeing that the amount in controversy is below the jurisdictional minimum. Defendant asserts that it is willing to agree to a joint remand, if Plaintiff signs such a stipulation.

## STANDARD

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cr. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

## ANALYSIS

A plaintiff may sue for less than the jurisdictional amount if he does not wish to be in federal court, such that a defendant cannot remove. *De Aguilar v. Boeing Co. (De Aguilar II)*, 47 F.3d 1404, 1410 (5th Cir. 1995). However, when a plaintiff's complaint does not assert a specific amount in damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount in order to remove. *Id.*; *De Aguilar v. Boeing Co. (DeAguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993). To meet this burden, the defendant must show that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006).

After a defendant has met his burden by a preponderance of the evidence, to defeat removal, the plaintiff must show that an amount meeting the jurisdictional requirement cannot be recovered, to a legal certainty. *De Aguilar II*, 47 F.3d at 1412. The legal certainty test is not a burden shifting mechanism because "the plaintiff must make all information known at the time he files the complaint." *Id.* Specifically, a statute limiting damages to a certain number or the filing of a binding stipulation or affidavit with the complaint promising not to seek damages above the jurisdictional amount could meet the plaintiff's legal certainty test. *Id.*

Defendant here has shown by a preponderance of the evidence that it is facially apparent from the complaint that the claims are above the jurisdictional amount. Plaintiff's original complaint

states, "Allstate has breached their Policy for insurance by failing to pay for the entire amount of insurance benefits under the Policy," and "Allstate has violated the Prompt Payment of Claim statute § 542.060." Dkt. 4 at ¶¶ 9, 10. The complaint also seeks "damages consisting of eighteen percent per annum of the claim . . . in addition to any other remedies provided by any other law or common law," and "a sum for reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas." Dkt. 4 at ¶¶ 10, 13. Further, Defendant points to the insurance policy with limits of $207,000 to support its claim that the amount in controversy exceeds the jurisdictional minium. The court agrees that this amount, in addition to attorney's fees and "any other remedies provided by any other law," would put the amount in controversy well over the $75,000 jurisdictional minimum. For these reasons, the complaint facially asserts an amount in controversy above the jurisdictional minimum of $75,000, and therefore removal is proper.

Further, Defendant has shown that Plaintiff refused to stipulate to an amount in controversy less than $75,000. In the face of this refusal, the Court will not remand this action. Plaintiff cannot avoid removal simply by refusing to state whether he is seeking more or less than this amount. *See, e.g., Callaway v. BASF Corp.*, 810 F.Supp. 191, 193 (S.D. Tex. 1993); *Fredrichs v. Time Ins. Co.*, 2007 WL 1624310 (E.D. Tex. 2007).

With Defendant's burden satisfied, Plaintiff must show to a legal certainty that the amount in controversy exceeds $75,000 in order to defeat removal. Plaintiff has not shown to a legal certainty that the amount in controversy is less than $75,000, and therefore he has not defeated removal.

For these reasons, the Court recommends that Plaintiff's Motion to Remand (Dkt. 6) be DENIED. Within fourteen (14) days after service of the magistrate judges's report, any party may serve and file written objections to the finding and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE